OPINION
{¶ 1} Appellant American Motorists Insurance Company ("AMICO") appeals the decision of the Stark County Court of Common Pleas that granted, in part, and denied, in part, the motion for summary judgment filed by Appellees Mark Sexton, Individually and as the Administrator of the Estate of Rebecca Sexton, deceased, et al. ("appellees"). The trial court also denied a motion for summary judgment filed by Travelers Indemnity Company of Illinois ("Travelers") and granted appellees' motion for summary judgment filed against Travelers.[1] The following facts give rise to this appeal.
 {¶ 2} On December 17, 1998, Rebecca and Rachel Sexton were passengers in a vehicle operated by their mother, Priscilla Sexton. As a result of Priscilla Sexton's negligence, an accident occurred in which Rebecca Sexton was killed and Rachel Sexton sustained serious injuries. On the date of the accident, Appellee Mark Sexton, the father of Rebecca and Rachel and the spouse of Priscilla, was employed at A.R.E. Incorporated ("A.R.E."). A.R.E. was insured, under a Commercial Auto Policy, issued by Travelers for the period April 1, 1998 to April 1, 1999. A.R.E. was also insured, under a Commercial Catastrophe Liability Coverage Policy, issued by AMICO for the period May 1, 1998 to May 1, 1999.
 {¶ 3} On May 17, 2001, appellees filed a complaint for declaratory judgment against Travelers and AMICO. The complaint sought a declaration that UM/UIM coverage was available under Travelers' and AMICO's policies issued to A.R.E. On June 20, 2001, AMICO answered the complaint and filed a counterclaim for declaratory judgment.
 {¶ 4} All parties subsequently moved for summary judgment. In a judgment entry filed on August 15, 2002, the trial court granted appellees' motion for summary judgment against Travelers. The trial court denied Travelers' motion for summary judgment against appellees. The trial court also granted, in part, and denied, in part, appellees' motion for summary judgment against AMICO. The trial court further ordered the case to binding arbitration for a determination with regard to damages.
 {¶ 5} On August 21, 2002, the trial court entered a judgment entry nunc pro tunc in which it corrected the case number as it was improperly designated in its previous judgment entry. AMICO timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 {¶ 6} "I. The Trial Court Improperly Determined That Amico's CCL Policy Was Ambiguous Under The Ohio Supreme Court's Decision InScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 OHIO St.3d 660, Resulting In The Declaration That The Sextons Were Insureds.
 {¶ 7} "II. The Sextons' Claim For Coverage Under Amico's Excess CCL Policy Is Barred Since They Failed To Satisfy The Policy's Preconditions Necessary To Entitle The Sextons, If Insureds, To Coverage.
 {¶ 8} "III. As The Sexton Claimants Are Barred From Coverage Under The Underlying Travelers Policy, No Coverage Is Afforded In Such A Circumstance Under Amico's Excess CCL Policy."
 "Summary Judgment Standard" {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review AMICO's assignments of error.
 I, II, III {¶ 12} In its First Assignment of Error, AMICO contends its policy is not ambiguous under the Scott-Pontzer[2] decision. AMICO maintains, in its Second Assignment of Error, appellees' claim for coverage under its Excess CCL Policy is barred since appellees failed to satisfy the policy's preconditions necessary to entitle them to coverage. Finally, in its Third Assignment of Error, AMICO argues that since appellees are barred from coverage under the underlying Travelers Policy, no coverage is afforded under its Excess CCL Policy.
 {¶ 13} We will not address the merits of AMICO's assignments of error as to do so would be premature at this time. The trial court must first determine, on remand in Case No. 2002CA00305, whether appellees are insureds under the Travelers Policy. If no coverage is afforded under the underlying Travelers Policy, then no coverage is available to appellees under AMICO's Excess CCL Policy.
 {¶ 14} Accordingly, this appeal is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Gwin, P.J., concurs. Hoffman, J., concurs in part and dissents in part.
[1] The issues on appeal, as it pertains to Travelers, are addressed in Case No. 2002CA00305.
[2] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 1999-Ohio-292.